**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NAZEER M. BEY, also known as, KEVIN ERIC SCOTT, | : : : | Civil No. 10-46 (FSH) |
| Petitioner, | : : |  |
| v. | : : | **OPINION** |
| THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | : : : : : |  |
| Respondents. | : : |  |

**APPEARANCES:**

    NAZEER M. BEY, a/k/a KEVIN ERIC SCOTT, Petitioner pro se
    BK # 3223591
    Monmouth County Jail
    1 Water Works Road
    Freehold, New Jersey 07728

**HOCHBERG, District Judge**

Petitioner, Nazeer M. Bey, a/k/a Kevin Eric Scott, an immigration detainee presently confined at the Monmouth County Jail in Freehold, New Jersey, pending his removal from the United States, brings this petition for a writ of habeas corpus. Petitioner names the United States Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE"); Deportation Officer Galindo; the Monmouth County Jail; and Warden

William J. Fraser, as the party respondents in this action (hereinafter "respondents").

For the reasons stated below, the Court will dismiss this petition for lack of jurisdiction.

## I.  BACKGROUND

Petitioner filed this habeas petition on or about January 5, 2010.  He paid the filing fee on March 3, 2010.  Petitioner alleges that he is challenging the execution of a removal order.  The following facts and allegations are taken from the petition.

On August 25, 2005, an Immigration Judge issued an order of removal against Kevin Eric Scott, Alien No. 37-333-936, who is a citizen and native of Jamaica.  (Petition, ¶ 8).  Petitioner states that the "legal entity known as Kevin Eric Scott"[1] was granted legal permanent resident status on December 9, 1981.  Based on state criminal court convictions against Kevin Eric Scott in the State of New York, Petitioner was ordered to be

---

[1] Petitioner alleges that he is a "straw man", an "unincorporated legal entity," who by a security agreement has consented "to be, act and function, in law and commerce as the unincorporated proprietary trademark of said State in Fact/State in Being who goes by the distinctive appellation Nazeer M. Bey, a Secured Party, for exclusive and discretionary use by the Secured Party/State in Fact in any manner that the Secured Party/State in Fact, by Sovereign and unalienable right, elects."  (Petition at ¶ 6).  Petitioner further alleges that he "is the official Ambassador for the Sovereign, Head of State known as Nazeer M. Bey, currently being held in respondent's physical custody."  (Id.).

removed from the United States, on August 25, 2005.  (Petition, ¶¶ 9-11).

In March 2006, Petitioner states that "the State in Fact/State in Being who goes by the appellation Nazeer M. Bey, entered into and duly executed three express contractual agreements with the legal entity known as KEVIN ERIC SCOTT/NAZEER M. BEY, wherein said entity is Debtor and the State in Fact who goes by the true name Nazeer M. Bey is Secured Party."  (Petition at ¶ 13, and Exhibits A (Security Agreement) and B (Hold Harmless and Indemnity Agreement)).  Specifically, Petitioner alleges that "Debtor KEVIN ERIC SCOTT and Secured Party Nazeer M. Bey entered into a Security Agreement, a hold Harmless and Indemnity Agreement and Power of Attorney, wherein said entity expressly covenant and agree that the Secured Party/State in being is not nor at any time, shall be considered a surety or an accommodation party for said entity."  (Petition at ¶ 14, Exs. A and B).

Petitioner further alleges that, "[o]n or about March 19, 2009, Secured Party/State in Fact was again taken into ICE custody as a surety or an accommodation party for KEVIN ERIC SCOTT.  On September 24, 2009, I was illegally and unlawfully removed from the geographic location known on the *world* map and the United States.  On December 13, 2009, I boarded an airplane and landed at the location known as JFK airport and was immediately taken into custody.  An expedited order of removal

was issued that day pursuant to INA [Immigration and Nationality Act, "INA"] § 235(b)(1)."  (Petition at ¶ 15).

Petitioner now challenges the execution of his deportation order.  He asserts jurisdiction under the common law writ, pursuant to Article 1, Section 9, Clause 2 of the United States Constitution.  He asserts that 28 U.S.C. § 2241[2] "amounts to a suspension of the writ in violation of the Constitution," and because the statute was "established for the UNITED STATES corporation, not the de jure united States of America." (Petition at ¶ 5).

Petitioner contends that respondents "are without jurisdiction to hold the Secured Party, State in Fact, in detention as a surety or an accommodating party for said legal entity, that is, KEVIN ERIC SCOTT, or to execute said order of deportation issued against the same.  At no time did this Sovereign agree to waive any immunities and/or exemptions from corporate government or to step down from his position of Sovereignty and knowingly and intelligently engage in commerce with the Respondents.  Moreover, the attached agreements between

---

[2]  Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

the State in being known as Nazeer M. Bey and the legal entity KEVIN ERIC SCOTT clearly establishes that Nazeer M. Bey/Secured Party shall not under any circumstances be considered a surety or an accommodation party." (Petition at ¶ 24).

Petitioner asks that the Court issue an Order permanently staying and prohibiting respondents from executing the deportation order against the "Secured Party/State in Fact/State in being," and for respondents to release from their physical custody the "living human being (man) known as Nazeer M. Bey." (Petition, prayer for relief).

## II.   DISCUSSION

### A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas

5

petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.  Petitioner's Claim Lacks Merit

Petitioner attempts to avoid a deportation order issued against him by asserting that the respondents have no jurisdiction over him.  Petitioner refers to himself as a sovereign or "State in Being", and claims that he can't be held in detention or removed from the United States because he has sovereign immunity.  In a delusory contrivance, Petitioner contends that he is a sovereign state, and a Secured Party who has contracted with himself, as a separate legal entity Kevin Eric Scott, to hold Nazeer M. Bey, the sovereign and secured party, harmless, and cannot be considered a surety or "accommodation party" for Scott.

These allegations, which purport to use the Uniform Commercial Code, Article 9, to file financial and security agreements in order to create split legal entities, are similar to the "Redemptionist" theory, a practice followed by Moorish-American citizens to evade the laws of this country.  See Monroe v. Beard, 536 F.3d 198, 203 and nn. 3 and 4 (3d Cir. 2008).  The United States Court of Appeals for the Third Circuit noted that the "Redemptionist" theory "propounds that a person has a split

6

personality: a real person and a fictional person called the strawman." Id.  In particular, the Third Circuit discussed the "redemptionist" theory in the context of a wide-spread criminal scheme based on the scheme participants' self-legitimization of their names for the purposes of initiating fraudulent legal transactions, by filing fraudulent UCC financing forms to perfect security interests in property.  Id.  The Third Circuit observed:

> "Redemptionists claim that government has power only over the strawman and not over the live person, who remains free [and, thus,] individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman.  Thereafter, [pursuant to this "theory,"] the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody.  If government officials refuse, [adherents of this scheme] file liens against [government officials]. Adherents of this scheme also advocate that [they] copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.

Id.

Here, it is evident that Petitioner is attempting to make use of UCC financing forms to create a separate and free legal entity so as to relieve himself from liability, and specifically, from a removal order entered against him.  By suggesting that he has sovereign immunity and cannot be held liable for the legal consequences of the debtor Kevin Eric Scott, Petitioner argues that the respondents have no jurisdiction to employ and enforce the deportation order on Nazeer M. Bey, the State in Being and

7

Secured Party.  In short, Petitioner is asserting that the laws of this country do not apply to him.

This argument has absolutely no legal basis.  Therefore, the request for habeas relief must be summarily dismissed with prejudice.[3]

## CONCLUSION

For the reasons set forth above, the Court will dismiss the petition for a writ of habeas corpus for lack of merit.  An appropriate order follows.

s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

Dated: April 23,2010

---

[3]  Indeed, if this Court were to accept Petitioner's contrived position as correct, it would necessarily follow that the Court does not have jurisdiction to rule on the petition. Perhaps for this limited purpose, Petitioner waives his objection to lack of jurisdiction; otherwise, why would he even bother to seek a remedy from this Court?  Given the disingenuous nature of Petitioner's scheme, the Court need not give credence to the assertions of immunity or the fraudulent security and other finance agreements filed by Petitioner **after** the removal order was issued in August 2005.